IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

OSCAR BROWN, )
    Petitioner, )
)
    v. ) 2:18-cv-464
)
SUPT. SCI SOMERSET, et al., )
    Respondents. )

MEMORANDUM and ORDER

Oscar Brown by his counsel has submitted a petition for a writ of habeas corpus (ECF No.1). Appended to the petition is the March 9, 2018 Memorandum of the Superior Court (ECF No. 1-4) setting forth the factual and procedural history of his criminal prosecution in the Court of Common Pleas of Allegheny Count, Pennsylvania at CP-02-CR-4588-2005:

> On March 27, 2006, following a three-day trial, a jury found Appellant guilty of criminal homicide, criminal attempt, aggravated assault, carrying a firearm without a license, burglary, recklessly endangering another person, criminal conspiracy, and two counts of possession of a controlled substance. The conviction stems from a January 12, 2005, confrontation during which Appellant and his co-defendant, shot Christopher Martine and Joshua Woy, killing Mr. Martine and seriously injuring Mr. Woy. On June 26, 2006, the trial court imposed an aggregate sentence of life imprisonment. Appellant filed a direct appeal and this Court affirmed the judgment of sentence on December 27, 2007… Appellant did not file a petition for allowance of appeal in our Supreme Court.
>
> On November 6, 2008, Appellant filed a first counseled PCRA petition. The PCRA court held a hearing on June 30, 2009, and issued an order denying the petition on July 29, 2009. Appellant appealed from the order to this Court, but subsequently withdrew the appeal.
>
> On March 22, 2010, Appellant filed [a] second counseled PCRA petition. The PCRA court held a hearing on the petition on June 21, 2012. On January 22, 2013, the court issued an order denying Appellant's petition. On February 15, 2013, Appellant filed a timely notice of appeal.

On March 9, 2013, in accordance with [Pa.R.A.P.] 1925(b), the PCRA court entered an order requiring Appellant to file a concise statement of errors no later than May 7, 2013. The order stated: "[A]ppellant is notified that any issue not properly included in the Statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) shall be deemed waived." On March 26, 2013, Appellant's former counsel, Thomas J. Farrell, Esq., filed a petition for leave to withdraw because Appellant had retained [new] counsel, Ralph D. Karsh, Esq. On April 2, 2013, [Superior] Court issued a *per curium* order noting Mr. [Karsh's] entry of appearance in this case and excusing Mr. Farrell from representation. On May 7, 2013, Appellant, through counsel filed a motion requesting a one-week extension of time to file the Rule 1925(b) statement. On that same date, the PCRA court entered an order granting Appellant's motion, and directed him to file the statement "no later than May 31, 2013." On June 7, 2013, Appellant, through counsel, filed an untimely Rule 1925(b) statement. The trial court filed a Rule 1925(a) opinion on December 4, 2013, addressing the issues raise in Appellant's untimely statement…

On November 6, 2014, this Court, citing controlling precedent concluded that, Appellant's failure to file a timely Rule 1925(b) statement resulted in a waiver of these claims … We therefor affirmed the order denying post-conviction relief… The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 15, 2015.

On October 2, 2015, Appellant filed the PCRA at issue, his third… By order entered June 5, 2017, the PCRA court dismissed Appellant's third PCRA petition as untimely. This time appeal follows…

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition… is met…

Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court after we affirmed his judgment of sentence on December 27, 2007. Thus, for purposes of the time restrictions of the PCRA, Appellant's judgment of sentence became final on or about January 28, 2008, after the thirty-day period for requesting such relief expired… Therefore, Appellant needed to file the PCRA petition at issue by January 28, 2009, in order for it to be timely. As Appellant filed the instant petition on October 2, 2015, it is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies…

2

Appellant has failed to prove any exception to the PCRA's time bar…

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, as observed by the Superior Court, Brown's direct appeal was denied on December 27, 2007 and leave to appeal to the Pennsylvania Supreme Court was not sought. If review by the state's highest court is not sought, the conviction becomes final when the time in which to seek such review expires. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). Pursuant to Pennsylvania law, that occurred after the expiration of the thirty-day period in which to seek review, or on January 26, 2008.

Brown filed a timely post-conviction petition on November 6, 2008, nine and a half months after his conviction became final. That petition was denied on July 29, 2009 and his appeal was discontinued on April 14, 2010. However, on March 22, 2010 he filed a second PCRA petition. Relief was denied on January 22, 2013, and his appeal was dismissed on procedural grounds on November 6, 2014. Almost eleven months later on October 2, 2015,

Brown filed a third post-conviction petition. The latter was dismissed as untimely and not subject to equitable tolling and the dismissal was affirmed on March 9, 2018.

Almost three and a half years after the dismissal of his last timely post-conviction petition, on April 10, 2018, the instant counseled petition was filed in which Brown contended he is entitled to relief on the following grounds:

> The Commonwealth withheld a plea it had reached with its witness, William Bagley [in exchange for his testimony against Brown], in violation of Petitioner's right to due process in violation of *Brady v. Maryland*. Although possibly a claim that should be set forth as an additional claim or ground, Petitioner asserts that Thomas J. Farrell was ineffective in failing to advance this claim.

While there is no doubt that the instant petition is time barred, that bar is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010)("we have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'")(citation omitted). No such showing is made here, and as the Superior Court likewise observed, no such was made before that Court.

Accordingly, it is ORDERED this 12th day of April, 2018 that on or before April 26, 2018, the petitioner show cause, if any, why the instant petition should not be dismissed as time barred.

s/ Robert C. Mitchell
United States Magistrate Judge